FILED

2007 Dec-20  PM 03:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
TINA LLOYD,                     }
                                }
        Plaintiff,              }
                                }        CIVIL ACTION NO.
v.                              }        06-AR-0620-S
                                }
HISHAM HAKIM, d/b/a GREYSTONE   }
NEUROLOGY CENTER,               }
                                }
        Defendant.              }
```

**<u>MEMORANDUM OPINION</u>**

On November 15, 2007, this court entered a final judgment in
the above-styled case in the amount of $3,069.90 for plaintiff Tina
Lloyd ("Lloyd") and against defendant Hisham Hakim ("Hakim").
Although the jury did not find that defendant Hakim acted in bad
faith, it did find that Hakim failed to pay Lloyd unpaid overtime
wages in violation of the Fair Labor Standards Act ("FLSA").  At
that time, the court denied all prayers for relief other than
Lloyd's motion for reasonable attorney's fees.  *See* 29 U.S.C. §
216(b).  Based on the parties' post-judgment submissions, the court
now finds that Lloyd's motion for attorney's fees is due to be
granted.

In her motion, Lloyd's attorney, Heather Leonard ("Leonard")
provides full documentation of the amount of time that she and her
legal assistant spent on this case and what that time entailed.  In
addition, Leonard provides the court with a requested hourly rate

1

and supports it with an affidavit detailing the appropriateness of this rate for an attorney of her experience, the type of case and issues involved, and the market rate for comparable work.  Hakim does not challenge Leonard's calculation methods for her hours expended, nor does he challenge Leonard's requested hourly rate. Thus, Leonard's evidence in support of the fee she requests fulfills the requirements for establishing a reasonable hourly rate and a reasonable number of hours.  *See Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1298-1302 (11th Cir. 1988).  The "lodestar" fee in this case is, as Lloyd claims, $14,891.80.

Hakim simply argues that the court should not award Lloyd any amount in attorney's fees because she did not receive a successful result at trial.  This argument is spurious.  Although Lloyd was not awarded the figure she sought in her complaint, she did receive a significant amount of overtime pay that Hakim had failed to pay her.  Even though Lloyd did not recover the entire amount claimed in her complaint, she did prevail.  Hakim's argument that Leonard should not receive any attorney's fees or expenses is without merit.

Although not properly stated, Hakim alternatively argues that this court should reduce Leonard's "lodestar" figure because the amount of overtime pay Lloyd claimed in her complaint (at least $10,773.00) and the amounts that she passed up from Hakim in settlement negotiations ($5,000.00 and $7500.00) compared with the

2

amount awarded by the jury ($3,069.90) demonstrates that Lloyd spent excessive amounts of time pursuing a case that was not worth as much as she claimed.  Lloyd counters and astutely points out that, until trial, she was unable to access time cards and daily patient sign-in sheets that detailed exactly how much she was owed under the FLSA and that until she was provided with this information, she could only estimate her demand based on her personal recollection.  The court adds that if Hakim had made an offer of $7,500.00 under Rule 68, Fed. R. Civ. P., things would be different.

The Eleventh Circuit has provided for a reduction in the "lodestar" figure when a party achieves partial success, that is, when a party obtains a verdict or ruling that is less than what she demanded.  The court has stated:

> If the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive.  In doing so, the court may attempt to identify specific hours spent in unsuccessful claims or it may simply reduce the award by some proportion.  A reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole.

*Id.* at 1302.  A reduction of the "lodestar" figure here might be appropriate if Hakim had not withheld pertinent records until trial.  The reason Lloyd was unable to accurately compute and allege the overtime amounts she was owed, and ostensibly the reason Lloyd refused to agree to Hakim's settlement offers, was that Hakim refused or failed to produce documents memorializing her overtime

work during the discovery and negotiations period.  Hakim did, however, produce these documents at trial.  If Lloyd achieved only partial success in recovering the amount she demanded, it arguably was because Hakim prevented her from demanding an accurate amount. Lloyd's demands in her complaint and during settlement negotiations were not unreasonable in light of the limited information she had. Leonard's use of her own time and resources in this case was, likewise, not unreasonable.  Thus, the amount of attorney's fees Lloyd requests is reasonable.

After reviewing the record and evaluating the parties' arguments, plaintiff's motion for attorney's fees and expenses will be granted by separate order.

DONE this 20th day of December, 2007.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE